# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JULIA HOLGUIN**, **CARMEN HOLGUIN**,
**MAURICIO OREJEL**, by and through his
parent and next friend, **JUANA TOBANCHE**,
and **AMANDA FRESQUEZ**, by and through
her parent and next friend, **CHRISTINA
LUJAN**,

       Plaintiffs,

    vs.                                   No.   **CIV 05-0628 MCA/RHS**

**DETECTIVE ROBBIN BURGE,** an officer of
the Albuquerque Police Department, individually,
and **CITY OF ALBUQUERQUE**, a municipal entity
organized under the laws of the State of New Mexico
and its subsidiary the Albuquerque Police Department,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Court's *sua sponte* inquiry regarding

the issue of sanctions and the following  motions:  (1) ***Defendant City of Albuquerque's***

***Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint Based***

***Upon the Doctrines of Res Judicata/Collateral Estoppel*** [Doc. 9] filed on August 9, 2005,

(2) Defendant Robbin Burge's ***Amended Motion to Dismiss for Lack of Personal***

***Jurisdiction*** [Doc. 6] filed on July 28, 2005, and (3) Defendant Robbin Burge's ***Motion to***

***Dismiss for Lack of Personal Jurisdiction*** [Doc. 5] filed on July 27, 2005. Having

considered the parties' submissions and other matters of record, the relevant law, and otherwise being fully advised in the premises, the Court grants Defendant City of Albuquerque's motion for summary judgment, denies Defendant Robbin Burge's motions to dismiss for lack of personal jurisdiction, and orders Plaintiffs to show cause in writing by no later than January 6, 2006, as to why their remaining claim against Defendant Burge should not be dismissed with prejudice as a sanction for Plaintiffs' alleged misconduct. The stay of discovery and protective order in this action remains in effect until further notice.

## I.  <u>BACKGROUND</u>

This case is one of three civil actions that Plaintiffs have filed with regard to the search of a residence and the seizure of its occupants by officers of the Albuquerque Police Department on or about June 5, 2003. The first action was filed by Plaintiffs on June 16, 2004, given Civil Case Number 04-687 BB/RHS, and assigned to the Honorable Bruce D. Black, United States District Judge. The *Complaint* in No. 04-687 BB/RHS stated that: "This is a civil action for monetary damages arising from the fact that Defendant Burge and Defendants Doe 1-5 . . . illegally detained, arrested, handcuffed, and used excessive force against Plaintiffs." [No. 04-687, Doc. 1, ¶ 12.] Plaintiffs' pleading in No. 04-687 BB/RHS also asserted claims for municipal liability against the City of Albuquerque based on custom, policy, and/or failure to train or supervise the individual officers named in that action.

The Court entered an *Initial Pretrial Report* in No. 04-687 BB/RHS on December 2, 2004, setting a discovery deadline of March 21, 2005, and a dispositive motions deadline of May 9, 2005. [No. 04-687 BB/RHS, Doc. 10.] There is a notation on the *Initial Pretrial*

*Report* that Plaintiffs' counsel did not attend the Rule 16 scheduling conference. In addition, Plaintiffs failed to respond to Defendants' discovery requests in a timely manner, thus giving rise to an *Order* filed on February 1, 2005, granting the Defendants' motion to compel and warning that sanctions (including a recommendation for dismissal) may be imposed if Plaintiffs engaged in further misconduct. [No. 04-687 BB/RHS, Doc. 16.]

On March 23, 2005--two days after the close of discovery--Plaintiffs moved to amend their *Complaint* in No. 04-687 BB/RHS in order to delete the "Doe" Defendants and plead additional facts in support of their existing claims against Defendant Burge. [No. 04-687 BB/RHS, Doc. 17, 18.] One of the grounds asserted for this amendment was that Plaintiffs had recently filed a second action against the group of officers (previously named as the "Doe" Defendants) who were involved in the search and seizures at the residence.

Plaintiffs' second action was filed on March 18, 2005, and docketed on March 21, 2005--the same date as the close of discovery in No. 04-687 BB/RHS. The second action was given Civil Case Number 05-302 JB/RHS and assigned to the Honorable James O. Browning, United States District Judge. No further action appears on the docket in No. 05-302 JB/RHS from that date until four months later on July 20, 2005, when 25 summons were issued. Several of these summons were returned executed the following day on July 21, 2005. [No. 05-302 JB/RHS, Doc. 2, 3, 4, 5, 6, 7.]

During the period between March 21, 2005, and July 18, 2005, the parties were in the process of briefing and awaiting rulings on a number of dispositive motions in No. 04-687 BB/RHS. These motions included *Plaintiffs' Motion to Amend Complaint* filed on March

23, 2005; *Defendant City of Albuquerque's Motion for Summary Judgment Requesting Dismissal of Plaintiffs' Complaint* filed on May 3, 2005; and *Defendant City of Albuquerque's Motion to Dismiss Plaintiffs' Complaint as a Sanction for Perjury* filed on May 5, 2005. [No. 04-687, Doc. 17, 21, 24.] On May 16, 2005--which corresponds with the time Plaintiffs' responses to Defendant City of Albuquerque's motions became due pursuant to the deadlines established in the *Initial Pretrial Report* and D.N.M. LR-Civ. 7.6(a)--Plaintiffs elected to withdraw their *Motion to Amend Complaint* in that action. Plaintiffs also voluntarily dismissed the Doe Defendants from No. 04-687 BB/RHS on May 20, 2005. [No. 04-687 BB/RHS, Doc. 26, 27, 28, 29.]

Defendant Burge was never timely served in No. 04-687 BB/RHS. On May 17, 2005, Judge Black convened a hearing at which he advised Plaintiffs' counsel to clear up the issue of service on Defendant Burge. [No. 04-687 BB/RHS, Doc. 27.] Plaintiffs' counsel did not do so, but instead filed responses to Defendant City of Albuquerque's two dispositive motions on June 5, 2005, and June 7, 2005, in which he offered to dismiss Defendant Burge from No. 04-687 BB/RHS without prejudice. [No. 04-687 BB/RHS, Doc. 30, 31.]

In response to the summary-judgment motion, Plaintiffs opposed Defendant City of Albuquerque's position on the merits but requested that the matter be voluntarily dismissed without prejudice as to both Defendant City of Albuquerque and Defendant Burge. In response to the motion to dismiss, Plaintiffs asserted that the issue of whether Plaintiffs committed perjury was moot in light of their agreement to dismiss the action without prejudice. Plaintiffs requested that the Court defer ruling on the perjury issue until after

-4-

ruling on the summary-judgment motion.  Notably, Plaintiffs did not attach any affidavits, deposition testimony, or other documentary evidence to their responses to these motions.

On June 5, 2005--which corresponds with the dates on which Plaintiffs filed their response briefs in No. 04-687 BB/RHS--Plaintiffs filed a third civil action which was given Civil Case Number 05-628 MCA/RHS and assigned to me.  The initial pleading that Plaintiffs filed in No. 05-628 MCA/RHS is substantially similar--if not identical--to the proposed *First Amended Complaint* that Plaintiffs moved to file and then withdrew in No. 04-687 BB/RHS.  Indeed, Plaintiffs' initial pleading in No. 05-628 MCA/RHS is entitled *First Amended Complaint for Civil Rights Violations*--exactly the same title as the proposed amended pleading attached to Plaintiffs' motion in No. 04-687 BB/RHS.  Both pleadings name the City of Albuquerque and Defendant Burge as Defendants and contain the same allegations pertaining to Defendant Burge's preparation of a search-warrant affidavit for the residence occupied by Plaintiffs on or about June 5, 2003.  [*Compare* No. 04-687 BB/RHS, Ex. A to Doc. 17, *with* No. 05-628 MCA/RHS, Doc. 1.]

On July 18, 2005, Judge Black filed an order dismissing the remaining Defendants in No. 04-687 BB/RHS.  This dismissal was with prejudice as to Defendant City of Albuquerque based on the merits of the City's motion for summary judgment in that action, and without prejudice as to Defendant Burge based on the failure to serve her at any time while that action was pending.  In light of these rulings, Judge Black determined that Defendant City of Albuquerque's motion to dismiss based on Plaintiffs' perjury was moot

with respect to that action and declined to address the merits of the perjury issue.  [No. 04-687 BB/RHS, Doc. 36, 37.]

On July 20, 2005--only two days after Judge Black issued the final order dismissing Plaintiffs' claims in No. 04-687 BB/RHS--Plaintiffs served Defendant Burge and Defendant City of Albuquerque with the *Complaint* in No. 05-628 MCA/RHS.   [No. 05-628 MCA/RHS, Doc. 2, 3.]   As noted above, Plaintiffs also waited until July 20, 2005, to obtain summons and begin serving the Defendants named in No. 05-302 JB/RHS.  [No. 05-302 JB/RHS, Doc. 2, 3, 4, 5, 6, 7.]

On July 27, 2005, Defendant Burge moved to dismiss Plaintiffs' claims against her in No. 05-628 MCA/RHS for lack of personal jurisdiction.  [No. 05-628 MCA/RHS, Doc. 5, 6.]  As grounds for this motion, Defendant Burge alleges defects in the manner of service as well as dilatory conduct in failing to effect service in a timely manner while she was named as a defendant in No. 04-687 BB/RHS.

On August 9, 2005, Defendant City of Albuquerque moved for summary judgment on Plaintiffs' claims in No. 05-628 MCA/RHS on the grounds that such claims were precluded by Judge Black's final order in No. 04-687 BB/RHS, from which Plaintiffs never timely appealed.  [No. 05-628 MCA/RHS, Doc. 9.]  A similar motion is pending in No. 05-302 BB/RHS.  Both Defendant Burge's motion and Defendant City of Albuquerque's motion also assert that the present action (05cv628 MCA/RHS) is an attempt by Plaintiffs and their counsel to gain an unfair tactical advantage and escape the consequences of their misconduct in the previously filed action before Judge Black (No. 04-687 BB/RHS).

## II.   <u>ANALYSIS</u>

Before considering whether Plaintiffs have engaged in any sanctionable conduct with respect to this action, I first address the merits of Defendants' dispositive motions pursuant to Fed. R. Civ. P. 56 and 12(b)(5).  These motions request that the Court grant summary judgment in favor of Defendant City of Albuquerque based on the preclusive effect of Judge Black's prior rulings in No. 04-687 BB/RHS, and that Plaintiffs' claims against Defendant Burge be dismissed for lack of personal jurisdiction based on alleged defects in timely effecting service of process.

### A.   <u>Defendant City of Albuquerque's Motion for Summary Judgment</u>

Under Fed. R. Civ. P. 56, the Court may enter summary judgment when the motion papers, affidavits, and other evidence submitted by the parties show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(c).  A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-52 (1986).  An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  <u>See</u> <u>id.</u> at 248.  Judgment is appropriate "as a matter of law" if the non-moving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670-71 (10th Cir. 1998).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex Corp., 477 U.S. at 324; Wright-Simmons v. City of Okla. City, 155 F.3d 1264, 1268 (10th Cir. 1998).  "To survive summary judgment, 'nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.'"  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quoting Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991)).  Thus, "[h]earsay testimony cannot be considered" in ruling on a summary-judgment motion.  Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995); see also Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995) (applying this rule to inadmissible hearsay testimony in depositions).

Apart from these limitations imposed by the Federal Rules of Evidence, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the Court assumes the admissible evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all admissible evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

To support its assertion that Plaintiffs' municipal-liability claims in this action are precluded by Judge Black's final order in No. 04-687 BB/RHS, Defendant City of

Albuquerque invokes the doctrines of *res judicata* and collateral estoppel.  The Court finds that the requirements for invoking the doctrine of *res judicata* are satisfied in this case with respect to all of Plaintiffs' claims against Defendant City of Albuquerque, and therefore it is unnecessary to address the City's alternative argument based on collateral estoppel.

The Court's analysis of Defendant City of Albuquerque's motion relies primarily on undisputed facts concerning the state of the record in No. 04-687 BB/RHS which establish the preclusive effect of Judge Black's final order in that case.  Under the doctrines of collateral estoppel and *res judicata*, legal consequences flow from the fact that Judge Black issued opinions and orders that contain statements which signal that he considered and ruled upon certain issues.  Even if the truth of such statements is disputed, I may still consider them as verbal acts or operative facts insofar as legal consequences flow from their utterance.  See generally Echo Acceptance Corp. v. Household Retail Servs., Inc., 267 F.3d 1068, 1087 (10th Cir. 2001).  The reference to such statements in my analysis of the pending summary-judgment motion is not intended to suggest that this Court is making independent factual findings about the weight of any disputed evidence discussed in Judge Black's opinions and orders.

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."  Northern Natural Gas v. Grounds, 931 F.2d 678, 681 (10th Cir. 1991).  This preclusion doctrine serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent

decisions, encourage reliance on adjudication." Id.  "Res judicata requires the satisfaction of four elements:  (1) the prior suit must have ended with a judgment on the merits;  (2) the parties must be identical or in privity;  (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Nwosun v. Gen. Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

There is no question that Plaintiffs--as well as Defendant City of Albuquerque and Defendant Burge--were named as parties in both No. 04-687 BB/RHS and the case at bar. Thus, the requirement of identity of parties is satisfied with respect to the two actions.

There is also no question that Judge Black's rulings in No. 04-687 BB/RHS constitute a final judgment on the merits of that action with respect to Defendant City of Albuquerque, and that Plaintiffs had a full and fair opportunity to litigate their claims for municipal liability in that action.  "In the context of a defendant's motion for summary judgment, a plaintiff has a full and fair opportunity to litigate if it is allowed to submit evidence to defeat a motion for summary judgment." Matosantos Commercial Corp. v. Applebees Int'l, Inc., 245 F.3d 1203, 1211 (10th Cir. 2001).  Plaintiffs were afforded such an opportunity before Judge Black ruled on Defendant City of Albuquerque's summary-judgment motion in No. 04-687 BB/RHS.  Further,  as Judge Black noted in his *Memorandum Opinion and Order* ruling on that motion:

> [T]he City has appeared and litigated this case.  Discovery has been completed and the City has filed two potentially dispositive motions. . . . [T]he case has been pending for over a year, and Plaintiffs have conducted no discovery during this time. . . . [T]he only explanation Plaintiffs have offered for the need for dismissal is the fact that they have failed to prove their case

against the City, by failing to prove any underlying constitutional violation that could form the basis of a municipal liability claim.   Under these circumstances, allowing Plaintiffs to dismiss their claims against the City without prejudice is not appropriate, as it would allow Plaintiffs to avoid an adverse decision on the City's dispositive motion for summary judgment, without sufficient justification for such a result.  For that reason, the claims against the City will be dismissed with prejudice.

[No. 04-687 BB/RHS, Doc. 36 (citation omitted).]

To avoid the preclusive effect of Judge Black's prior ruling on Defendant City of Albuquerque's summary-judgment motion in No. 04-687 BB/RHS, Plaintiffs now argue that their claims in the present action are different from the claims asserted in No. 04-687 BB/RHS because the prior action allegedly concerned the search and seizures at the residence itself while the present action is allegedly limited to Defendant Burge's preparation of the search-warrant affidavit which led to those searches and seizures.  In other words, Plaintiffs assert that the two actions involve different transactions or series of transactions.

The Tenth Circuit has adopted the "transactional approach" to determining whether claims in present and prior litigation are the same or identical.   See generally Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1332 (10th Cir. 1988).  Under this approach,

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space,

origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments, § 24 (1980); accord Wilkes v. Wyoming Dep't of Employment, 314 F.3d 501, 504 (10th Cir. 2003); Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997).

Applying this approach, I conclude as a matter of law that both No. 04-687 MCA/RHS and the case at bar arise out of the same series of connected transactions, all of which concern the legality of the search of the residence and the seizure of its occupants on or about June 5, 2003. While Defendant Burge's preparation of a search-warrant affidavit may have preceded the actual search and seizures at the residence, these events at the residence remain essential components of Plaintiffs' case against Defendant Burge because without them, Plaintiffs would not be able to show that any errors or misconduct in preparing the search-warrant affidavit were causally related to the damages they allegedly suffered.

I also conclude that Plaintiffs' pleadings in No. 04-687 BB/RHS can be reasonably construed to encompass the same challenge to the search-warrant affidavit that is asserted in No. 05-628 MCA/RHS. In this regard, Plaintiffs' *Complaint* in No. 04-687 BB/RHS specifically alleges that: "At no time did the individual Defendants ever have reasonable suspicion, probable cause, or any articulable justification for handcuffing and detaining Plaintiffs." [No. 04-687 BB/RHS, Doc. 1, ¶ 20.] In addition, Counts I through IV of Plaintiffs' *Complaint* in No. 04-687 BB/RHS assert claims for "unlawful arrest/detention," which are distinguishable from the claims for excessive force asserted in Counts IX through

-12-

XI of that pleading.  All of the above allegations are reasserted in the claims for municipal liability against Defendant City of Albuquerque in Counts XII and XIII of the *Complaint* in No. 04-687 BB/RHS.  Plaintiffs' intent that these claims encompass an attack on the validity and procedures relating to the search-warrant affidavit is further reflected in the *Initial Pretrial Report* for No. 04-687 BB/RHS, in which Plaintiffs contended that:  "The search warrant was based upon an affidavit that was executed by Defendant Burge and which contained material falsehoods," and that "Defendant Burge's habit of executing false affidavits" constitutes "a *de facto* custom or policy within the Albuquerque Police Dept." [No. 04-687 BB/RHS, Doc.  10, at 3-5.]

It was not necessary for Plaintiffs to amend their pleading in No. 04-678 BB/RHS to include additional factual allegations about the search warrant because the general terms used in their original pleading already were sufficient to provide Defendants with fair notice of such a claim under the minimal requirements of notice pleading contained in Fed. R. Civ. P. 8.  See generally Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Plaintiffs are not required to plead evidence or meet an evidentiary burden in their *Complaint*.  See id.

The only reasonable conclusion that can be drawn from a comparison of the parties' pleadings and contentions in the two actions is that there would be  a "substantial, if not complete, overlap in terms of the witnesses and proof relevant to both actions," as well as a great similarity "in terms of time, space, and origin" of the factual allegations in both actions.  Strickland, 130 F.3d at 1412.  Further, both pleadings question the reasons for Defendants' actions in detaining or arresting Plaintiffs as well as the motives behind those

seizures.   Thus, practically all of the factors articulated in Section 24 of the Restatement (Second) of Judgments support the conclusion that the two actions involve the same series of transactions or occurrences.

Plaintiffs cannot avoid this conclusion simply by attacking the same series of events under different legal theories.  The doctrine of *res judicata* applies to *all* claims arising out of the same transaction or series of transactions and does not depend on whether such claims "'were actually asserted in the original action.'"  Strickland, 130 F.3d at 1413 (quoting Ford v. N.M. Dep't of Pub. Safety, 119 N.M. 405, 414, 891 P.2d 546, 555 (Ct. App. 1994)).  In other words, *res judicata* bars not only claims that were raised in the prior proceeding, but also claims that could have been raised.  See id.

None of the conduct which Plaintiffs challenge in the present action preceded the filing date of Plaintiffs' pleadings in No. 04-687 BB/RHS.  Indeed, Plaintiffs filed but later withdrew a motion to amend their pleading in No. 04-687 BB/RHS to include the same configuration of claims and parties presently asserted in the case at bar.   Thus, the claims asserted by Plaintiff in the present action were, or could have been, joined with those raised in the prior action before Judge Black.  It follows that the "same cause of action" element of *res judicata* is met in this case with respect to both the present action and No. 04-687 MCA/RHS.

As all the requirements for the applying the doctrine of *res judicata* to the final order in No. 04-687 BB/RHS have been satisfied, Defendant City of Albuquerque is entitled to

summary judgment as to all of Plaintiff's claims in the case at bar.  Plaintiffs' claims against Defendant City of Albuquerque are therefore dismissed with prejudice.

### B.  Defendant Burge's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Burge filed a motion, which was superseded by an amended motion, to dismiss Plaintiffs' claims against her based on a lack of personal jurisdiction.  When, as here, a Court rules on a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff[s] need only make a prima facie showing of personal jurisdiction to defeat the motion."  OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998); see Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477-78 (D. Kan. 1994) (applying this standard to a motion based on insufficient service of process).  Under this standard, Plaintiffs bears the burden of "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over" Defendant Burge.  OMI Holdings, Inc., 149 F.3d at 1091.  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)); see Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1350 (D. Kan. 1994) (applying this burden-shifting framework to a motion based on insufficient service of process).

In this case, the factual basis for Defendant Burge's motion is not an absence of the minimal contacts with the forum state necessary to support personal jurisdiction, but rather alleged defects in the timing and mode of delivery used to effect service of process.  As such,

Defendant Burge's motion is properly construed as invoking Fed. R. Civ. P. 12(b)(5) rather than Fed. R. Civ. P. 12(b)(2).   See generally Richardson, 158 F.R.D. at 477-78 (distinguishing motions under Fed. R. Civ. P. 12(b)(5) from other motions under Fed. R. Civ. P. 12(b) and concluding that a movant's reference to the wrong subsection of this rule may be disregarded where there is no prejudice to the opposing party).

Upon a showing of insufficient service of process, Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process.   See Sampath v. Concurrent Techs. Corp., 227 F.R.D. 399, 401 (W.D. Pa. 2005).   Quashing insufficient service is generally the preferred course of action where there is a reasonable prospect that the defendant can be properly served with sufficient process in a second attempt.   See Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983); Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992).

In this case, Plaintiff has filed a return of service which is sufficient to make a *prima facie* showing of good service on July 20, 2005.   See O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993); Oltremani, 871 F. Supp. at 1350.   Fed. R. Civ. P. 4(e) permits service of process in a manner authorized by the State in which the district court is located, or by the State in which the service is to be accomplished.   See Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005).   Rule 1-004(F) NMRA 2005, which is the relevant state rule in this case, authorizes service by posting a copy of the *Summons* and *Complaint* "in the most public part of the defendant's premises, and by mailing to the defendant at the

-16-

defendant's last known mailing address copies of the process" when a suitable individual is not found at the defendant's usual place of abode.  See Moya v. Catholic Archdiocese, 107 N.M. 245, 248, 755 P.2d 583, 586 (1988).

Defendant Burge has filed an affidavit stating that she never received the version of the *Summons* and the *Complaint* that Plaintiffs' process-server claims to have posted on her doorway; however, there is a discrepancy in the dates alleged in her affidavit.  She claims that she had been away from her residence since "Friday, July 21, 2005," and did not receive the mailed copy of process until she returned on Monday morning, July 25, 2005.  The Court takes judicial notice that July 21, 2005, was a Thursday, not a Friday, and thus Defendant Burge's affidavit does not account for the time period between the alleged date of service on Wednesday, July 20, 2005, and her weekend departure date.

Plaintiffs have filed affidavits from their process-server and another witness attesting to the fact that copies of process were posted on Defendant Burge's doorway on July 20, 2005, in addition to being mailed to her on that date.  In addition, Defendant Burge does not deny receiving the mailed copy of the *Summons* and the *Complaint* on July 25, 2005, in substantially the same location where Plaintiff's process-server claims to have left the posted copies.  Thus, she was not deprived of actual notice.

On these facts, the Court is not convinced that there is any defect in the service of process that would warrant quashing service or dismissing Plaintiffs' *Complaint* against Defendant Burge on these grounds.  In this regard, Defendant Burge has not shown how she was prejudiced by the mode of delivery of the *Summons* and *Complaint*, as she readily

acknowledges that she is aware of this civil action through her attorney as well as the copies of process that were mailed to her.

For these reasons, the Court denies Defendant Burge's motion and amended motion to dismiss based on lack of personal jurisdiction or alleged deficiencies in service of process. Defendant Burge's allegations regarding the timeliness of the service of process and Plaintiffs' efforts to escape the consequences of their misconduct in the prior action before Judge Black are more appropriately addressed under the Court's authority to impose sanctions. The Court turns to that issue next.

### C.     Dismissal of Plaintiffs' Claims Against Defendant Burge as a Sanction for Plaintiffs' Alleged Misconduct

Both Defendant Burge and Defendant City of Albuquerque allude in their motions to alleged misconduct by Plaintiffs and their counsel in filing multiple actions in order to evade the consequences of their misconduct in the prior action which Judge Black dismissed on July 18, 2005. Specifically, the Court notes that: (1) Plaintiffs' dilatory conduct in responding to discovery requests in No. 04-687 BB/RHS was the subject of a motion to compel which the Court granted on February 1, 2005; (2) Defendant City of Albuquerque filed a motion to dismiss Plaintiffs' claims in No. 04-687 BB/RHS based on allegations that Plaintiffs gave false deposition testimony, and Plaintiffs never submitted any sworn affidavits or other admissible evidence in response to this motion; (3) Judge Black advised Plaintiffs' counsel to "clear up the issue of service" with respect to Defendant Burge at a hearing in No. 04-687 BB/RHS on May 17, 2005; (4) despite this advice, Plaintiffs never served Defendant

Burge at any time while their claims against her were pending in No. 04-687 BB/RHS; (5)

the filing of Plaintiffs' *Complaint* in No. 05-628 MCA/RHS on June 5, 2005, corresponds

with the dates on which they filed their responses to dispositive motions in No. 04-687

BB/RHS and attempted to obtain a dismissal of No. 04-687 BB/RHS without prejudice

instead of serving Defendant Burge; (6) Plaintiffs' initial pleading in No. 05-628 MCA/RHS

is substantially similar, if not identical, to the proposed amended pleading that they withdrew

in No. 04-687 BB/RHS while Defendant City of Albuquerque's dispositive motions were

pending in that case; (7) in the *Memorandum Opinion and Order* dismissing Plaintiffs'

claims in No. 04-687 BB/RHS, Judge Black specifically found that "Plaintiffs have not . .

. litigated this case diligently"; and (8) within two days after Judge Black dismissed

Defendant Burge from No. 04-687 BB/RHS, Plaintiffs' process server went to her abode and

effected service at that location in No. 05-628 MCA/RHS.

The timing of these events strongly suggests that Plaintiffs made a deliberate decision

to delay service on Defendant Burge in No. 04-687 BB/RHS so that they could obtain a

dismissal without prejudice in that action and refile their allegations against Defendant Burge

in No. 05-628 MCA/RHS without having to bear the consequences of their failure to comply

with discovery deadlines in No. 04-687 BB/RHS, and without having to file a substantive

response with evidence to counter the allegations that Plaintiffs had committed perjury in that

action.  Further, the Court takes judicial notice that the two cases described above are not the

first in which Plaintiffs' counsel has voluntarily dismissed an action without prejudice while

a dispositive motion was pending and then refiled a substantially similar action assigned to a different judge.

In Larsen v. Farmington Public Schools, No. CIV 03-954 MCA/LFG (D.N.M. filed Aug. 15, 2003), the defendant moved to dismiss a complaint filed by Plaintiffs' counsel based on his failure to comply with court-ordered deadlines for responding to discovery requests.  [No. 03-954 MCA/LFG, Doc. 37, 38.]  After briefing was completed on the defendant's motion and less than thirty days before the scheduled trial date, Plaintiff's counsel filed a motion asking the Court to stay the action or dismiss it without prejudice based on another civil action that he had recently filed in state court.  [No. 03-954 MCA/LFG, Doc. 51.]  With the reluctant concurrence of opposing counsel, the matter was stayed and later dismissed without prejudice, thereby allowing Plaintiff's counsel to avoid the issue of his non-compliance with discovery deadlines.  [No. 03-954 MCA/LFG, Doc. 53, 56.]

The Court also takes judicial notice of a similar fact pattern in Chavez v. State of N.M., 397 F.3d 826 (10th Cir. 2005).  While a summary-judgment motion was pending in that case, Plaintiffs' counsel negotiated a settlement with the defendants' counsel but failed to disclose that he had filed a second action concerning the same subject matter.  Id. at 830. On these facts, the Tenth Circuit affirmed the district court's denial of the plaintiffs' motion to enforce the settlement agreement, reasoning that:

> the record indicates that Plaintiffs' counsel withheld material information from Defendants' attorney while negotiating the October 8, 2001 settlement: namely, that Ms. Contreras had filed a second suit on October 5, 2001.  The

-20-

existence of a second, undisclosed suit, similar to the one the parties were attempting to settle, was obviously a material fact. Thus, whether Plaintiffs' counsel acted 'fraudulently, negligently, or innocently' by withholding that fact, Defendants were entitled to rescind the agreement, and the district court properly refused to enforce it.

Id. at 831 (citation omitted).  The Tenth Circuit also noted that, with respect to whether the settlement should be considered one global agreement or five separate agreements, Plaintiffs' counsel argued one position before the district court and then argued "precisely the opposite position" on appeal.  Id. at 831.

I further note that No. 04-687 BB/RHS is not the first case in which a client of Plaintiffs' counsel has been accused of committing perjury and attempting to "sandbag" opposing counsel by changing his position during the course of the litigation.  In Chavez v. City of Albuquerque, 402 F.3d 1039, 1042 (10th Cir. 2005), Plaintiffs' counsel represented a client in a civil-rights action accusing an Albuquerque police officer of using excessive force to effect an arrest.  "Throughout discovery," the client "steadfastly maintained that he was not the suspect police had been chasing.  Both in his sworn answers to interrogatories and in his sworn deposition testimony," the client "insisted that he had simply been walking to a friend's house after an evening playing bingo when he had encountered" the police officer.  Id.  When the client testified at trial, however, "he finally admitted on cross-examination that he, in fact, was the suspect police were seeking that morning."  Id. The Tenth Circuit agreed with the district court that the subject of the client's perjury was material to the litigation and constituted an effort to "sandbag" the defendant by foreclosing the defense of qualified immunity until trial and leaving inadequate time for defendant's

counsel to prepare for cross-examination and develop expert testimony based on the facts that were not admitted until trial.  See id. at 1044-46.

These cases suggest that the conduct of Plaintiffs and their counsel in the present case forms part of a pattern that may warrant the imposition of sanctions.  At a minimum, Plaintiffs should be held to account for their allegedly false deposition testimony as well as their dilatory conduct with respect to completing discovery and effecting service on Defendant Burge in No. 04-687 BB/RHS.  While it is understandable that Judge Black did not fully address these issues in No. 04-687 BB/RHS since they were not necessary to his decision to dismiss that case, see Pell, 711 F.2d at 950-51, the same cannot be said for the present action.

The Tenth Circuit has made "it clear that a district judge may dismiss an action for discovery violations" in certain circumstances.  Archibeque v. Atchison, Topeka and Santa Fe Rwy. Co., 70 F.3d 1172, 1174 (10th Cir. 1995).  In this circuit, perjuring oneself by intentionally giving false deposition testimony is among the particularly egregious discovery violations for which district courts possess the inherent power to impose the sanction of dismissal.  See Chavez, 402 F.3d at 1043-44.  Other circuits have similarly concluded that "striking a party's pleadings under Rule 37 is within the range of appropriate sanctions when a party demonstrates a blatant disregard of the Court's orders and the discovery rules, engaging in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case." Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999); accord Monsanto v. Ralph, 382 F.3d 1374,

1380-81 (Fed. Cir. 2004).  Even in the absence of perjury or intentional falsehoods, Plaintiffs' failure to diligently prosecute a civil action or to comply with the rules and orders of this Court also may provide grounds for dismissal of their remaining claims.  See Fed. R. Civ. P. 16(f), 41(b); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); Jones v. Thompson, 996 F.2d 261, 264-66 (10th Cir. 1993); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

Before imposing such an extraordinary sanction, however, the Court must weigh and consider a number of factors, including:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;  (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;  and (5) the efficacy of lesser sanctions."  Ehrenhaus, 965 F.2d at 921 (internal citations and quotation marks omitted).  Because dismissal is such a harsh sanction, it is appropriate only in cases of "'willfulness, bad faith, or [some] fault of'" the party whose claims are dismissed.  Archibeque, 70 F.3d at 1174 (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976)).

Here Defendants make a strong showing that they are unfairly prejudiced by Plaintiffs' practice of refiling actions that are substantially similar to an earlier action that they voluntarily dismissed without prejudice after the close of discovery and while dispositive motions were pending.  In effect, this practice allows Plaintiffs to gain the benefit of the information disclosed in a Defendant's discovery disclosures and dispositive motions

in the first action without having to reciprocate by filing substantive responses to such motions or complying with the Defendant's discovery requests in a timely manner.

While it is true that there are two Defendants in this action and the prejudice to each must be considered separately, the fact remains that the evidence and legal theories pertaining to each Defendant are intertwined with one another.  Thus, any deficiencies or falsehoods in the evidence presented by Plaintiffs are likely to adversely affect both Defendants.

The magnitude of such unfair prejudice only increases when a Plaintiff's responses to discovery requests in the first action are false or misleading and the Plaintiff avoids the need to account for such falsehoods in a timely manner by dismissing the first action without prejudice and then refiling a second action against the same Defendant.  Such a practice can easily lead to the situation described in <u>Chavez</u>, 402 F.3d at 1042, where an individual Defendant is "sandbagged" in a manner that unfairly deprives him or her of the defense of qualified immunity until trial.

Plaintiffs' practice of dismissing and refiling the same action at strategic intervals also causes substantial interference with the judicial process because it makes a mockery of the pretrial deadlines established in the *Initial Pretrial Report* and other scheduling orders pursuant to Fed. R. Civ. P. 16 and D.N.M. LR-Civ. 16.1.   To the extent that Plaintiffs fail to meet any of these deadlines established by the Court in the first action, they simply allow that action to be dismissed without prejudice on procedural grounds and refile a second action with new deadlines that give them additional time to respond to the issues or requests

-24-

that were raised by the opposing party in the first action.  In effect, this practice allows Plaintiffs to unilaterally control the pace of the litigation with little or no input from, or notice to, the Court or opposing counsel.  The result is to significantly hinder "the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones, 996 F.2d at 265.

To be sure, there are instances in which circumstances beyond a plaintiff's control make it impossible to locate and properly serve an individual defendant within the time period contemplated by Fed. R. Civ. P. 4(m) and a court's scheduling orders--especially when that defendant's employer refuses to cooperate with the plaintiff in arranging for service of its employees.  Dismissing the unserved defendant without prejudice and allowing the action to be refiled at a later date when the plaintiff has located more information about the defendant's whereabouts is a fair procedure in such circumstances.

But here there is no evidence that Plaintiffs needed until July 20, 2005, to locate Defendant Burge's abode and properly effect service of process in No. 04-687 BB/RHS. That action was filed more than a year earlier, and the need to effect service on Defendant Burge was brought to the attention of Plaintiffs' counsel at the hearing on May 17, 2005, well before the action was dismissed.  As noted above, the coincidence between the timing of service with respect to Defendant Burge in No. 05-628 MCA/RHS, service with respect to the other Defendants in No. 05-302 JB/RHS, and the entry of Judge Black's final order dismissing No. 04-687 BB/RHS strongly suggests that Plaintiffs' counsel intentionally delayed serving Defendant Burge in No. 04-687 BB/RHS in order to gain an unfair tactical

advantage in this litigation and to avoid the consequences of a failure to complete discovery in a timely and truthful manner in the prior case.

In light of the similar strategies that Plaintiffs' counsel and clients have pursued in the other cases cited above, the conduct alleged here appears to form part of a deliberate pattern that reflects a high degree of culpability. While some of this culpability may be attributable to Plaintiffs' counsel rather than the Plaintiffs themselves, the Tenth Circuit has stressed that a litigant is bound by the actions of its attorney, and the relative innocence of the litigant with respect to the attorney's failure does not constitute grounds for relief in this context. See Gripe, 312 F.3d at 1188-89. To the extent that Plaintiffs would have a meritorious claim but for the misconduct of their attorney, a proper remedy may be afforded through a legal malpractice claim rather than continued litigation against Defendants. See id.

Plaintiffs cannot claim that they were never warned of the likelihood that their claims would be dismissed with prejudice as a result of such behavior. The Court's ruling on Defendant City of Albuquerque's motion to compel in No. 04-687 BB/RHS expressly forewarned Plaintiffs that further non-compliance could result in more severe sanctions including dismissal, and Defendant City of Albuquerque expressly sought the sanction of dismissal based on Plaintiffs' alleged perjury in that action. Moreover, such a result should have been abundantly foreseeable to Plaintiffs' counsel based on his past experience in cases such as Chavez, 402 F.3d at 1042.

Of course, it also may have been foreseeable to Plaintiffs' counsel that he could avoid the consequences of his dilatory conduct simply by repeating his past practice of agreeing

to voluntary dismissals without prejudice on procedural grounds and then refiling the same or similar actions in a different court, see, e.g., Larson, No. CIV 03-954 MCA/LFG, supra, or by paying a small monetary sanction, see, e.g., McGuinness v. Univ. of N.M. Sch. of Med., No. CIV 95-1434 (D.N.M. order filed July 24, 1997), aff'd on other grounds, 170 F.3d 974, 980 (10th Cir. 1998).  But the continued repetition of this practice by Plaintiffs' counsel in this case only underscores the reasons why imposing such lesser sanctions has not been effective in putting a stop to it.

In this regard, I also consider the factors that the Tenth Circuit has identified as relevant in determining whether a district court abuses its discretion by denying a plaintiff's motion to dismiss claims without prejudice under Fed. R. Civ. P. 41(a)(2).  See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).  Many of these factors parallel those which are considered in imposing the sanction of dismissal with prejudice, e.g., "the 'legal prejudice' the opposing party might suffer if the district court grants a motion to dismiss without prejudice[;] 'the opposing party's effort and expense in preparing for trial'; 'excessive delay and lack of diligence on the part of the movant'; and 'insufficient explanation of the need for a dismissal'" without prejudice.  Id. (quoting Clark v. Tansy, 13 F.3d 1407, 1411-12 (10th Cir. 1993)).

In particular, "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice."  Id.  "The Tenth Circuit also prohibits the use of voluntary dismissal as an indirect way to avoid the explicit requirements of other rules of civil procedure."  Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.

-27-

1997) (citing Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir.1992)).

That is precisely what Plaintiffs appear to be doing by serving Defendant Burge in the

present action two days after she was dismissed without prejudice in No. 04-687 BB/RHS

based on Plaintiffs' decision to delay service of process in that case.

For all of the above reasons, the Court will order Plaintiffs to show cause in writing

why the sanction of dismissal of their remaining claims against Defendant Burge with

prejudice is not warranted at this juncture.  In response to the Court's order to show cause,

Plaintiffs must specifically and substantively address the issue of whether they committed

perjury or otherwise gave false testimony in No. 04-687 BB/RHS, as alleged in Defendant

City of Albuquerque's motion to dismiss their claims in that case.  Plaintiffs also must

specifically and substantively address the reasons for their delays in completing discovery

and effecting service of process on Defendant Burge in No. 04-687 BB/RHS.

Plaintiffs' written response is due no later than January 6th, 2006.  To the extent that

Defendants wish to present a response to Plaintiffs' response to the order to show cause, they

may due so by no later than January 13, 2006.  In this regard, I recognize that Defendant City

of Albuquerque is no longer a party to this action as a result of the Court's ruling on the issue

of *res judicata*; however, counsel for this Defendant may still file a response concerning the

issue of sanctions in her capacity as an officer of the Court.

The Court's resolution of the issue of sanctions may affect both the procedure and

substance of further discovery in this action.  Accordingly, the stay of discovery and

protective order [No. 05-628 MCA/RHS, Doc. 27] entered on October 6, 2005, shall remain in effect with respect to all parties until further notice.

## III.   **CONCLUSION**

For the foregoing reasons, the Court concludes that Defendant City of Albuquerque is entitled to summary judgment with respect to all of Plaintiffs' claims in this action based on the doctrine of *res judicata* or claim preclusion.   While Defendant Burge is not entitled to have Plaintiffs claims against her dismissed at this juncture based on a lack of personal jurisdiction or insufficient service of process, the Court will require Plaintiffs to show cause in writing by no later than January 6, 2006, as to why their claims against Defendant Burge should not be dismissed with prejudice as a sanction for the alleged misconduct described above.

**IT IS, THEREFORE, ORDERED** that *Defendant City of Albuquerque's Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint Based Upon the Doctrines of Res Judicata/Collateral Estoppel* [Doc. 9] is **GRANTED**, and all of Plaintiffs' claims against Defendant City of Albuquerque in this action are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Robbin Burge's  *Amended Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Robbin Burge's *Motion to Dismiss for Lack of Personal Jurisdiction* [Doc. 5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs are ordered to show cause in writing by no later than January 6, 2006, as to why their claims against Defendant Burge should not be dismissed with prejudice as a sanction for the alleged misconduct described in this *Memorandum Opinion and Order*.

**IT IS FURTHER ORDERED** that Defendants may file responses to Plaintiffs' response to the Court's order to show cause by no later than January 13, 2006.

**IT IS FURTHER ORDERED** that the stay of discovery and protective order [Doc. 27] entered on October 6, 2005, shall remain in effect with respect to all parties until further notice.

**SO ORDERED**, this 28th day of December, 2005, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge

-30-