# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JULIA HOLGUIN**, **CARMEN HOLGUIN**,
**MAURICIO OREJEL**, by and through his
parent and next friend, **JUANA TOBANCHE**,
and **AMANDA FRESQUEZ**, by and through
her parent and next friend, **CHRISTINA
LUJAN**,

     Plaintiffs,

    vs.                             No.   **CIV 05-0628 MCA/RHS**

**DETECTIVE ROBBIN BURGE,** an officer of
the Albuquerque Police Department, individually,
and **CITY OF ALBUQUERQUE**, a municipal entity
organized under the laws of the State of New Mexico
and its subsidiary the Albuquerque Police Department,

     Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the parties' responses [Doc. 32, 33, 34]

to the Court's *Memorandum Opinion and Order* [Doc. 30] directing Plaintiffs to show cause

why this action should not be dismissed with prejudice as to the only remaining Defendant,

Robbin Burge.  Having considered the parties' submissions, the relevant law, and otherwise

being fully advised in the premises, the Court finds that the conduct of Plaintiffs and their

counsel with respect to this action warrants the sanction of dismissal with prejudice.

Therefore, this action is dismissed with prejudice as to all remaining claims and parties.

I.    **BACKGROUND**

The history of this litigation is set forth in the Court's *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30] filed on January 8, 2006. For clarity, some portions of that history bear repeating here.

Plaintiffs have filed no less than three civil actions in this Court regarding the search of a residence and the seizure of its occupants by officers of the Albuquerque Police Department on or about June 6, 2003. The first action was filed by Plaintiffs on June 16, 2004, given Civil Case Number 04-687 BB/RHS, and assigned to the Honorable Bruce D. Black, United States District Judge. The *Complaint* in No. 04-687 BB/RHS stated that: "This is a civil action for monetary damages arising from the fact that Defendant Burge and Defendants Doe 1-5 . . . illegally detained, arrested, handcuffed, and used excessive force against Plaintiffs." [No. 04-687, Doc. 1, ¶ 12.] Plaintiffs' pleading in No. 04-687 BB/RHS also asserted claims for municipal liability against the City of Albuquerque based on custom, policy, and/or failure to train or supervise the individual officers named in that action.

The Court entered an *Initial Pretrial Report* in No. 04-687 BB/RHS on December 2, 2004, setting a discovery deadline of March 21, 2005, and a dispositive motions deadline of May 9, 2005. [No. 04-687 BB/RHS, Doc. 10.] There is a notation on the *Initial Pretrial Report* that Plaintiffs' counsel did not attend the Rule 16 scheduling conference. The record also contains a letter from United States Magistrate Judge Robert H. Scott to Plaintiffs' counsel dated November 19, 2004, that indicates Plaintiffs' counsel failed to appear at the Rule 16 scheduling conference and failed to submit a *Provisional Discovery Plan* or a

proposed *Initial Pretrial Report* despite promises that he would do so.  [No. 04-687 BB/RHS, letter docketed on Nov. 22, 2004.]

After case-management deadlines were imposed, Plaintiffs failed to respond to Defendants' discovery requests in a timely manner, thereby giving rise to an *Order* filed on February 1, 2005, granting the Defendants' motion to compel and warning that sanctions (including a recommendation for dismissal) may be imposed if Plaintiffs engaged in further misconduct.  [No. 04-687 BB/RHS, Doc. 16.]

On March 23, 2005--two days after the close of discovery--Plaintiffs moved to amend their *Complaint* in No. 04-687 BB/RHS in order to delete the "Doe" Defendants and plead additional facts in support of their existing claims against Defendant Burge.  [No. 04-687 BB/RHS, Doc. 17, 18.]  One of the grounds asserted for this amendment was that Plaintiffs had recently filed a second action against the group of officers (previously named as the "Doe" Defendants) who were involved in the search and seizures at the residence.

Plaintiffs' second action was filed on March 18, 2005, and docketed on March 21, 2005--the same date as the close of discovery in No. 04-687 BB/RHS.  The second action was given Civil Case Number 05-302 JB/RHS and assigned to the Honorable James O. Browning, United States District Judge.  No further action appears on the docket in No. 05-302 JB/RHS from that date until four months later on July 20, 2005, when 25 summons were issued.  Several of these summons were returned executed the following day on July 21, 2005.  [No. 05-302 JB/RHS, Doc. 2, 3, 4, 5, 6, 7.]

During the period between March 21, 2005, and July 18, 2005, the parties were in the process of briefing and awaiting rulings on a number of dispositive motions in No. 04-687 BB/RHS.   These motions included *Plaintiffs' Motion to Amend Complaint* filed on March 23, 2005; *Defendant City of Albuquerque's Motion for Summary Judgment Requesting Dismissal of Plaintiffs' Complaint* filed on May 3, 2005; and *Defendant City of Albuquerque's Motion to Dismiss Plaintiffs' Complaint as a Sanction for Perjury* filed on May 5, 2005.  [No. 04-687, Doc. 17, 21, 24.]

On May 16, 2005, Plaintiffs elected to withdraw their *Motion to Amend Complaint* in that action.  The timing of Plaintiffs' withdrawal corresponds with the dates on which Plaintiffs' responses to Defendant City of Albuquerque's dispositive motions became due pursuant to the deadlines established in the *Initial Pretrial Report* and D.N.M. LR-Civ. 7.6(a).

The withdrawal of Plaintiffs' *Motion to Amend Complaint* also came just one day before a hearing on that motion before Judge Black was scheduled to occur.  At the hearing, it was noted that Plaintiffs never timely served Defendant Burge in No. 04-687 BB/RHS, and Judge Black advised Plaintiffs' counsel to clear up the issue of service on Defendant Burge. [No. 04-687 BB/RHS, Doc. 27.]

The record does not reflect that Plaintiffs presented any evidence at that time as to why they could not serve Defendant Burge or what efforts they had undertaken to effect service.  In lieu of contesting the issue of timely service, Plaintiffs' counsel filed responses to Defendant City of Albuquerque's two dispositive motions on June 5, 2005, and June 7,

2005, in which he offered to dismiss Defendant Burge from No. 04-687 BB/RHS without prejudice. [No. 04-687 BB/RHS, Doc. 30, 31.] Plaintiffs also voluntarily dismissed the Doe Defendants from No. 04-687 BB/RHS on May 20, 2005. [No. 04-687 BB/RHS, Doc. 26, 27, 28, 29.]

*Defendant City of Albuquerque's Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint* remained pending in No. 04-687 BB/RHS until July 18, 2005. In that motion, Defendant City of Albuquerque pointed to the absence of any admissible evidence which could provide the basis for a claim of municipal liability. [No. 04-687 BB/RHS, Doc. 22.] In response to this motion, Plaintiffs' counsel attempted to argue that he had presented "sufficient information" to preclude summary judgment, but he failed to present any admissible evidence on this point.[1] Plaintiffs' counsel then simply requested that the matter be voluntarily dismissed without prejudice as to both Defendant City of Albuquerque and Defendant Burge. [No. 04-687 BB/RHS, Doc. 30.]

*Defendant City of Albuquerque's Motion to Dismiss Plaintiffs' Complaint as a Sanction for Perjury* also remained pending in No. 04-687 BB/RHS until July 18, 2005. In that motion, Defendant City of Albuquerque asserted that Plaintiffs Julia Holguin, Mauricio Ovejel, and Amanda Fresquez were untruthful in their deposition testimony because they denied that a family member, Luis Tobanche, ever stayed at their residence, and they denied

---

[1] Plaintiffs' counsel alluded in his response to alleged misconduct by Defendant Burge in another case before Judge Black. In that case, however, Judge Black subsequently granted Defendant Burge's motion for summary judgment on qualified immunity grounds. See Gonzales v. City of Albuquerque, No. 03-1150 BB/WDS (D.N.M. order filed Aug. 1, 2005).

that police had been to their residence on other occasions before the search warrant was executed on or about June 6, 2003. [No. 04-687 BB/RHS, Ex. B, C, D to Doc. 24.] In support of its assertion that these Plaintiffs were untruthful, Defendant City of Albuquerque submitted certified copies of state court records which purport to show the following facts.

First, Plaintiff Julia Holguin paid a $25,000 cash bond to secure the pretrial release of her son, Luis Tobanche, from the Bernalillo County Detention Center on or about June 4, 2003, and the court records associated with that pretrial release list Luis Tobanche and Plaintiff Julia Holguin as having the same address, *i.e.*, 500 Adrian S.W. [No. 04-687 BB/RHS, Ex. E to Doc. 24.] Second, the Albuquerque Police Department obtained and executed a search warrant for Plaintiffs' residence at 500 Adrian S.W. on or about November 29, 2000, in reference to a homicide investigation implicating Luis Tobanche; Plaintiff Julia Holguin is listed as the person who received this search warrant, and personal effects of Luis Tobanche (including a traffic citation listing his name) were on the inventory of items seized in that search. [No. 04-687 BB/RHS, Ex. F to Doc. 24.] The search-warrant affidavit used to support the search noted the residents' prior statements identifying Mr. Tobanche's room in the residence and stating that he returns to that residence to change clothes. [No. 04-687 BB/RHS, Ex. F to Doc. 24.]

Defendant City of Albuquerque also submitted police records documenting additional occasions in which officers of the Albuquerque Police Department had been to Plaintiffs' residence at 500 Adrian S.W. while Luis Tobanche or Plaintiffs were present. These records purport to show that Albuquerque police officers were called to the residence in reference

to a domestic dispute between Luis Tobanche and Tina Jaramillo on or about September 8, 1998, and that Albuquerque police officers were again called to that address in reference to a domestic dispute between Plaintiff Julia Holguin and Plaintiff Amanda Fresquez on or about July 5, 2002.  [No. 04-687 BB/RHS, Ex. G, H to Doc. 24.]

Defendant City of Albuquerque asserted that Plaintiffs' untruthful deposition testimony regarding prior police visits to their residence and Luis Tobanche's association with that residence was material to Plaintiffs' civil-rights claims in No. 04-687 BB/RHS for several reasons.  First, the search warrant affidavit prepared by Defendant Burge with respect to the search warrant executed on or about June 6, 2003, refers to information supplied by a confidential informant (CI) which identifies 500 Adrian S.W. as the residence of Luis Tobanche and identifies Luis Tobanche as a person who had prior involvement with the sale of illegal narcotics in the past several years.  [No. 04-687 BB/RHS, Ex. A to Doc. 24.]  Thus, Luis Tobanche's association with this residence was a relevant factor in determining whether Defendant Burge's search warrant affidavit established probable cause for the search under the totality of the circumstances.

Defendant City of Albuquerque also supplied a police report authored by Defendant Burge which purports to recount Luis Tobanche's criminal history, including several felony arrests and other information suggesting that Mr. Tobanche was a violent individual likely to resist arrest.  [No. 04-687 BB/RHS, Ex. I to Doc. 24.]  And, as noted above, court records also showed that Plaintiff Julia Holguin had paid a $25,000 cash bond to secure Mr. Tobanche's pretrial release from the Bernalillo County Detention Center on or about June

4, 2003, only two days before the search warrant was executed.  These facts were recited by Defendant Burge in support of the decision to use a "SWAT Unit" in executing that search warrant.  Thus, Luis Tobanche's association with Plaintiff Julia Holguin and the residence at 500 Adrian S.W. also was a relevant factor in determining the reasonableness of the degree of force that the police officers used in executing the warrant.

In their response filed in No. 04-687 BB/RHS on June 7, 2005, Plaintiffs asserted that the issue of whether Plaintiffs committed perjury was moot in light of their agreement to dismiss the action without prejudice.  Plaintiffs requested that the Court defer ruling on the perjury issue until after ruling on the summary-judgment motion.  Notably, Plaintiffs did not attach any affidavits, deposition testimony, or other documentary evidence to their responses to these motions.

Rather, Plaintiffs' counsel simply argued in a conclusory fashion that any discrepancies in Plaintiffs' deposition testimony were immaterial and that Plaintiffs had forgotten about the prior encounters with police at their residence or could not understand the questions posed by Defendant's counsel during the deposition because of a language barrier, despite the fact that a court-certified interpreter was present at the deposition.  Plaintiffs' counsel also restated, without any evidentiary support, Plaintiffs' assertions that Luis Tobanche did not live or stay at 500 Adrian S.W.  [No. 04-687 BB/RHS, Doc. 31.]

On June 5, 2005--which corresponds with the dates on which Plaintiffs filed their response briefs in No. 04-687 BB/RHS--Plaintiffs filed a third civil action which was given Civil Case Number 05-628 MCA/RHS and assigned to me.  The initial pleading that

-8-

Plaintiffs filed in No. 05-628 MCA/RHS is substantially similar--if not identical--to the proposed *First Amended Complaint* that Plaintiffs moved to file and then withdrew on the eve of a hearing in No. 04-687 BB/RHS.  Indeed, Plaintiffs' initial pleading in No. 05-628 MCA/RHS is entitled *First Amended Complaint for Civil Rights Violations*--exactly the same title as the proposed amended pleading attached to Plaintiffs' motion in No. 04-687 BB/RHS. Both pleadings name the City of Albuquerque and Defendant Burge as Defendants and contain the same allegations pertaining to Defendant Burge's preparation of a search-warrant affidavit for the residence occupied by Plaintiffs on or about June 6, 2003.  [*Compare* No. 04-687 BB/RHS, Ex. A to Doc. 17, *with* No. 05-628 MCA/RHS, Doc. 1.]

On July 18, 2005, Judge Black filed an order dismissing the remaining Defendants in No. 04-687 BB/RHS.  This dismissal was with prejudice as to Defendant City of Albuquerque based on the merits of the City's motion for summary judgment in that action, and without prejudice as to Defendant Burge based on the failure to serve her at any time while that action was pending.  In light of these rulings, Judge Black determined that Defendant City of Albuquerque's motion to dismiss based on Plaintiffs' perjury was moot with respect to that action and declined to address the merits of the perjury issue.  [No. 04-687 BB/RHS, Doc. 36, 37.]

On July 20, 2005--only two days after Judge Black issued the final order dismissing Plaintiffs' claims in No. 04-687 BB/RHS--Plaintiffs served Defendant Burge and Defendant City of Albuquerque with the *Complaint* in No. 05-628 MCA/RHS.   [No. 05-628 MCA/RHS, Doc. 2, 3.]  As noted above, Plaintiffs also waited until July 20, 2005, to obtain

summons and begin serving the Defendants named in No. 05-302 JB/RHS.  [No. 05-302 JB/RHS, Doc. 2, 3, 4, 5, 6, 7.]

On July 27, 2005, Defendant Burge moved to dismiss Plaintiffs' claims against her in No. 05-628 MCA/RHS for lack of personal jurisdiction.  [No. 05-628 MCA/RHS, Doc. 5, 6.]  On August 9, 2005, Defendant City of Albuquerque moved for summary judgment on Plaintiffs' claims in No. 05-628 MCA/RHS on the grounds that such claims were precluded by Judge Black's final order in No. 04-687 BB/RHS, from which Plaintiffs never timely appealed.  [No. 05-628 MCA/RHS, Doc. 9.]  In the *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30] filed on December 28, 2005, I denied Defendant Burge's motion and granted Defendant City of Albuquerque's motion.  As a result, Defendant Burge is the only remaining Defendant in this action.

In addition to raising issues of *res judicata* and insufficient service of process, the Defendants' dispositive motions in this case contain allegations of sanctionable conduct on the part of Plaintiffs and their counsel.  To address this issue, the Court's *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30] filed on December 28, 2005, ordered the parties to show cause why this action should not be dismissed with prejudice as to Defendant Burge based on the alleged misconduct by Plaintiffs and/or their counsel.

Although the Court ordered Plaintiffs to show cause in writing by no later than January 6, 2006, Plaintiffs waited until 10:16 p.m. on January 8, 2006, to electronically file their response, noting that such a response is considered timely under D.N.M. LR-Civ. 5.5(a), which provides that:  "A document electronically filed after 5:00 p.m. on a business

-10-

day (day 1) and before 8:00 a.m. the next business day (day 2) is considered filed on day 1. The time and date of actual filing are reflected in the Court's digital file stamp." Plaintiffs also requested an evidentiary hearing and an additional fourteen days to respond to the Court's *Memorandum Opinion and Order.* [No. 05-628 MCA/RHS, Doc. 32.] The only evidence submitted with Plaintiffs' response consists of a series of unsworn memos from Plaintiffs' investigator to Plaintiffs' counsel allegedly dating from June 5, 2005, to July 19, 2005, and an unsworn, anonymous letter allegedly dated June 5, 2005, concerning Defendant Burge's residential address. [No. 05-628 MCA/RHS, Ex. A, B to Doc. 32.]

Defendant Burge and Defendant City of Albuquerque also filed responses to the Court's *Memorandum Opinion and Order.* [No. 05-628 MCA/RHS, Doc. 33, 34.] In their responses, Defendants refer the Court to matters that are already of record in the previous litigation and do not present any new evidence of additional misconduct in this case. Specifically, the *Initial Disclosures* attached as Exhibit 2 to Doc. 33 in No. 05-628 MCA/RHS, were previously submitted as Exhibit B to Doc. 10 in that action and previously served on Plaintiffs' counsel as Doc. 8 in No. 04-687 BB/RHS. The deposition testimony attached as Exhibit 1 to Doc. 33 in No. 05-628 MCA/RHS was previously submitted as Ex. B to Doc. 24 in No. 0-687 BB/RHS.

## II.  ANALYSIS

As outlined in the *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30] filed on December 28, 2005, both Defendant Burge and Defendant City of Albuquerque have alluded in their motions to alleged misconduct by Plaintiffs and their counsel in

manipulating the filing and service dates in this action in order to evade the consequences of their misconduct in the prior action which Judge Black dismissed on July 18, 2005. Accordingly, I have implemented a procedure whereby Plaintiffs can be held to account at the early stages of this action for their allegedly false deposition testimony as well as their dilatory conduct with respect to completing discovery and effecting service on Defendant Burge in No. 04-687 BB/RHS.  Under this procedure, Plaintiffs were given until January 6, 2006, to further respond to the issues relating to sanctions that were previously raised by the Defendants in this action and in No. 04-687 BB/RHS.

Plaintiffs claim that they are entitled to an evidentiary hearing and require an additional 14 days beyond the deadline of January 6, 2006, that the Court imposed for responding to these issues.[2]  For the following reasons, I do not agree that an evidentiary hearing or another extension of time is necessary in order to fairly determine whether Plaintiffs' remaining claims against Defendant Burge in this action should be dismissed with prejudice.

As a general matter, the determination of whether a particular issue warrants an evidentiary hearing is committed to the district court's discretion, see United States v. Nichols, 169 F.3d 1255, 1263 (10th Cir. 1999) (collecting cases), and no evidentiary hearing is required "when a record has been fully developed through briefs, affidavits, and

---

[2]Although 14 days have passed between the deadline of January 6, 2006, and the filing of this *Memorandum Opinion and Order*, there is no record of any supplemental filings by Plaintiffs as of this date.

-12-

depositions," Robinson v. City of Edmond, 160 F.3d 1275, 1268 (10th Cir. 1998). "A district court does not abuse its discretion when it fails to hold a hearing at which the parties will simply reiterate arguments they already have made in their briefs." Id. There is no abuse of discretion in such instances because the due-process requirements associated with holding a hearing are satisfied when "both sides are entitled to present arguments as to the propriety and type of sanctions to be awarded," and "the parties have an opportunity to ... submit affidavits ... with an opportunity for the sanctioned party to file a motion challenging said affidavits." Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510, 1522 (11th Cir. 1986).

The authorities cited above accord with the precedents of the Supreme Court and the Tenth Circuit that apply to requests for an evidentiary hearing in the context of challenging a police officer's veracity in preparing a search-warrant affidavit. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Artez, 389 F.3d 1106, 1116 (10th Cir. 2004). These precedents are relevant here because Plaintiffs' civil-rights claims against Defendant Burge focus on Defendant Burge's conduct in preparing the search-warrant affidavits used to support the search of their residence on or about June 6, 2003.

In this context, the party requesting an evidentiary hearing generally must make some type of threshold showing before the Court will grant the request. See Franks, 438 U.S. at 171-72 (1978); Artez, 389 F.3d at 1116. As part of this threshold showing, "[a]ffidavits of witnesses should be provided to the court or their absence satisfactorily explained." Artez, 389 F.3d at 1116.

-13-

The requirement of a threshold showing also is particularly relevant when, as here, Plaintiff already has established a record of failing to comply with discovery deadlines [No. 04-687 BB/RHS, Doc. 16], withdrawing a motion on the eve of a scheduled hearing on that motion [No. 04-687 BB/RHS, Doc. 26, 27], and failing to appear at a scheduling conference [No. 04-687 BB/RHS, Doc. 10 and letter from Judge Scott dated November 19, 2004]. Under these circumstances, Plaintiffs' counsel's promise to present evidence in support of his claims at some indefinite time in the future is not credible absent a threshold showing in the form of written submissions demonstrating a reasonable prospect that such evidence exists.

Such a threshold showing also is consistent with the Local Rules of this District, which generally require motion papers to "submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact." D.N.M. LR-Civ. 7.5(b). Under this rule, arguments of counsel in the text of a brief are not evidence.

Plaintiffs already have been afforded the opportunity to make a threshold showing in favor of their request for an evidentiary hearing in this case. With their response filed on January 8, 2006, they could have submitted affidavits or cited to evidence which is already part of the record in the previous litigation. Despite this opportunity, the only evidence that Plaintiffs have mustered in support of their response brief consists of an anonymous letter purportedly dated June 5, 2005, and a series of internal memos purportedly dating from June 5, 2005, to July 19, 2005, all of which relate solely to the issue of Plaintiffs' efforts to serve Defendant Burge during that time period.  [No. 05-628 MCA/RHS, Ex. A, B to Doc. 32.]

-14-

Even if accepted as true, the written materials attached to Plaintiffs' response of January 8, 2006, do not make a threshold showing that there exists a disputed issue of material fact which requires an evidentiary hearing to resolve.  These materials only purport to show that Plaintiffs' counsel may have received an anonymous letter suggesting a residential address for Defendant Burge and began investigating that address in June 2005-- around the same time that Plaintiffs filed their response briefs in No. 04-687 BB/RHS offering to dismiss their claims against Defendant Burge without prejudice in that action. [No. 04-687 BB/RHS, Doc. 30, 31.]  Notably absent from Plaintiffs' response is any evidence that they made an effort to locate and serve Defendant Burge during the period of more than eleven months between the filing of their *Complaint* in No. 04-687 BB/RHS on June 16, 2004, and their offer to dismiss their claims against Defendant Burge without prejudice in that action on or about June 5, 2005.  Plaintiffs also offer no affidavits or other documentary evidence that Defendant Burge's residential address could not have been obtained before July 2005 through a search of the database of property-tax records cited in their investigator's memorandum of July 19, 2005, or through a search of other electronic databases that are commonly used to obtain residential addresses and other personal information for a small fee.  See, e.g., http://www.lexis.com (EZFIND Combined Locator file).

The documents filed by Plaintiffs on January 8, 2006, provide no evidence whatsoever in response to Defendants' allegation that some of the Plaintiffs committed perjury in their deposition testimony in No. 04-687 MCA/RHS.  Plaintiffs cannot legitimately claim that they

have not been afforded an adequate amount of time to respond to this issue because it was raised more than seven months ago in No. 04-687 BB/RHS, when Defendant City of Albuquerque filed its *Motion to Dismiss Plaintiffs' Complaint as a Sanction for Perjury* in No. 04-687 BB/RHS on May 5, 2005.  The response to this issue that Plaintiffs filed in No. 05-628 MCA/RHS on January 8, 2006, largely reiterates the same conclusory assertions that Plaintiffs' counsel made with respect to this issue in No. 04-687 BB/RHS on June 7, 2005. [Compare No. 05-628 MCA/RHS, Doc. 32, with No. 04-687 BB/RHS, Doc. 31.]  Thus, more than seven months after the issue was first raised, Plaintiffs' counsel still cannot muster so much as a single affidavit to support his conclusory assertions that:  (1) Plaintiff Julia Holguin's deposition testimony was hampered by a language barrier despite the presence of a court-certified interpreter at the deposition; (2) Plaintiffs simply forgot about prior encounters with the police at the 500 Adrian S.W. address; or (3) Luis Tobanche resides at a different address and has never lived or stayed at 500 Adrian S.W.

I find Plaintiffs' submissions in response to this issue to be unacceptable.  There is no reason to put the Court and the other parties through the burden of a full evidentiary hearing when more than seven months have passed since the issue was first raised, and Plaintiffs still have not made at least a threshold showing by means of affidavits or other documents calling into question the veracity of the evidence previously tendered by Defendant City of Albuquerque and explaining why their own deposition testimony is not untruthful with respect to their prior encounters with police at 500 Adrian S.W. and Luis Tobanche's association with that address.

-16-

Moreover, I find no merit to the conclusory assertion of Plaintiffs' counsel that the deposition testimony concerning these subjects is somehow immaterial or unrelated to Plaintiffs' civil-rights claims in this case.   Plaintiffs' remaining civil-rights claims against Defendant Burge focus on her conduct in preparing the search-warrant affidavit for the search of the residence at 500 Adrian S.W. on or about June 6, 2003.   [No. 05-628 MCA/RHS, Doc. 1.]  Deposition testimony concerning Luis Tobanche's association with Plaintiffs' residence is relevant and material to these claims because Defendant Burge's search-warrant affidavit expressly refers to Luis Tobanche's criminal history and his association with the residence at 500 Adrian S.W. as part of the totality of the circumstances used in establishing probable cause for that search.  [No. 04-687 BB/RHS, Ex. A to Doc. 24.]  Plaintiffs prior encounters with police at that residence also are relevant and material to Plaintiffs' civil-rights claims in this action because those prior encounters serve to document Luis Tobanche's association with the residence and to provide a basis for Defendant Burge's knowledge of that association.

In particular, the previous search warrant delivered to Plaintiff Julia Holguin at that address on or about November 29, 2000, serves these purposes because it documents that a traffic citation and other personal effects of Luis Tobanche were found at the residence,  and that the other residents made statements about Mr. Tobanche's use of a room in that residence.  [No. 04-687 BB/RHS, Ex. F to Doc. 24.]  The incident report dated September 8, 1998, also serves these purposes because it documents an alleged domestic dispute at Plaintiffs' residence involving Mr. Tobanche.  [No. 04-687 BB/RHS, Ex. G to Doc. 24.]

Rather than supplying any admissible evidence to counter Defendants' allegations of perjury, Plaintiffs' counsel devotes the majority of his response filed on January 8, 2006, to explaining his conduct in other cases cited in the Court's *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30.]  See <u>Chavez v. City of Albuquerque</u>, 402 F.3d 1039 (10th Cir. 2005); <u>Chavez v. State of N.M.</u>, 397 F.3d 826 (10th Cir. 2005); <u>Larsen v. Farmington Public Schools</u>, No. CIV 03-954 MCA/LFG (D.N.M. filed Aug. 15, 2003).  The explanations provided by Plaintiffs' counsel largely overlook the specific purposes for which I cited these cases.

My point was not to suggest that the dismissal of Plaintiffs' claims against Defendant Burge in this action could somehow be justified as a way of sanctioning Plaintiffs' counsel or his other clients for their misconduct in unrelated actions, nor was I calling into question any prior findings made by the judges who presided in those actions.[3]   Rather, my purpose in citing such other cases was threefold.  First, under Fed. R. Evid. 404(b), court records evincing Plaintiffs' counsel's past practice of filing multiple or successive actions concerning the same underlying parties or claims may be cited for the purpose of showing that his conduct in the present actions (No. 04-687 BB/RHS and No. 05-628 MCA/RHS) was part of an intentional plan or strategy and not merely a result of accident or mistake.  Second, the

_____

[3]In the event that Plaintiffs' counsel has engaged in a pattern of misconduct in an entire series of cases assigned to different judges, questions regarding the effect of such a pattern of misconduct on Plaintiffs' privilege of practicing law in a particular jurisdiction are best referred to the disciplinary authorities for that jurisdiction rather than a particular judge.  See <u>State v. Ngo</u>, 2001-NMCA-041, ¶¶ 25-27, 130 N.M. 515, 27 P.3d 1002.

court records concerning similar issues that have arisen in other cases may be used to show the inefficacy of lesser sanctions and the extent to which Plaintiffs' counsel has been forewarned about the potential for greater sanctions, both of which are relevant factors under Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  Third, the court records showing the way in which the perjury issue unfolded in Chavez v. City of Albuquerque, 402 F.3d at 1042, may be used to illustrate why a failure to address this issue early in the litigation can deprive an individual defendant of the defense of qualified immunity and thereby result in unfair prejudice to that defendant.

In response to these points, Plaintiffs' counsel states that there are legitimate instances in which a plaintiff may file multiple or successive actions against a defendant or group of defendants, as when the first round of litigation is dismissed without prejudice due to the legitimate inability of the plaintiff to locate and serve the defendant within the time permitted under Fed. R. Civ. P. 4(m), or when the litigation in federal court is stayed while awaiting the resolution of parallel proceedings in state court, see, e.g., Casias v. Southwest Medical, Civ. No. 04-142 JB/ACT (D.N.M. memorandum opinion and order filed July 16, 2004).  But neither the Federal Rules of Civil Procedure nor the abstention doctrine at issue in Casias are intended to facilitate the practice of dismissing an action without prejudice in order to avoid an adverse decision on a dispositive motion.  See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).  "The Tenth Circuit also prohibits the use of voluntary dismissal as an indirect way to avoid the explicit requirements of other rules of civil

procedure." Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997) (citing Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir.1992)).

In this case, I find that Plaintiffs are trying to use the voluntary dismissal without prejudice of their claims against Defendant Burge in No. 04-687 BB/RHS as a means of avoiding the adverse consequences of their failure to meet pretrial deadlines in that case and their failure to present any admissible evidence in response to the dispositive motions filed in that case. In order to prevent such an outcome, I have required Plaintiffs to respond in this action to the issues pertaining to sanctions that were previously raised in No. 04-687 BB/RHS. Plaintiffs again have failed to file a satisfactory response to these issues. Therefore, I conclude that this action must be dismissed with prejudice.

Before imposing such an extraordinary sanction, I have weighed and considered a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus, 965 F.2d at 921 (internal citations and quotation marks omitted). I also have afforded Plaintiffs an opportunity to respond to my concerns with respect to each of these factors.

After reviewing Plaintiffs' response, I still find that Defendant Burge is unfairly prejudiced in this case by Plaintiffs' failure to timely serve her in No. 04-687 BB/RHS and by Plaintiffs' continued failure to present any admissible evidence that would clarify their positions with respect to the allegations that they perjured themselves in their previous

-20-

deposition testimony.  As explained above, the truth or falsity of this deposition testimony is a material fact with respect to Plaintiffs' civil-rights claims against Defendant Burge, as well as her defense of qualified immunity.  Thus, by failing to present any clarifying evidence concerning this issue in response to Defendant City of Albuquerque's motion in No. 04-687 BB/RHS or in response to the *Memorandum Opinion and Order* previously filed in the case at bar, Plaintiffs are obstructing the Court from ruling on the merits of the defense of qualified immunity early in the case.  Instead of presenting affidavits or other documentary evidence that would facilitate such a ruling, Plaintiffs demand that Defendant Burge be subjected to additional burdens of litigation before the issue can be resolved.

Plaintiffs' practice of filing and then voluntarily dismissing multiple actions at strategic intervals also is unfairly prejudicial to Defendant City of Albuquerque because it forces them into a "shell game" in which they must invest their resources in completing discovery and filing dispositive motions in each action as if Plaintiffs intended to pursue it to trial, only to find at a later date that one or more of the actions were merely diversions that Plaintiffs ultimately had no intent to pursue once their procedural objectives were accomplished.  In effect, this practice allows Plaintiffs to gain the benefit of the information disclosed in a Defendant's discovery disclosures and dispositive motions in the first action without having to reciprocate by filing substantive responses to such motions or complying with the Defendant's discovery requests in a timely manner.

Plaintiffs' practice of filing and voluntarily dismissing multiple actions at strategic intervals also causes substantial interference with the judicial process because it makes a

mockery of the pretrial deadlines established in the *Initial Pretrial Report* and other scheduling orders pursuant to Fed. R. Civ. P. 16 and D.N.M. LR-Civ. 16.1.   To the extent that Plaintiffs fail to meet any of these deadlines established by the Court in the first action, they simply allow that action to be dismissed without prejudice on procedural grounds and refile a second action with new deadlines that give them additional time to respond to the issues or requests that were raised by the opposing party in the first action.   In effect, this practice allows Plaintiffs to unilaterally control the pace of the litigation with little or no input from, or notice to, the Court or opposing counsel.   The result is to significantly hinder "the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party."   Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993).

The prejudicial effects of Plaintiffs' failure to timely respond to the issues raised in No. 04-687 BB/RHS are further aggravated by their continued failure to file a satisfactory response to these issues when they were raised again in the case at bar, and when Plaintiffs were given additional time to file such a response.   In light of the similar strategies that Plaintiffs and/or their counsel have pursued in the other cases cited above, the conduct alleged here appears to form part of a deliberate pattern that reflects a high degree of culpability, rather than mere inadvertence or mistake.

While some of this culpability may be attributable to Plaintiffs' counsel rather than the Plaintiffs themselves, the Tenth Circuit has stressed that a litigant is bound by the actions of its attorney, and the relative innocence of the litigant with respect to the attorney's failure does not constitute grounds for relief in this context.   See Gripe v. City of Enid, 312 F.3d

-22-

1184, 1188-89 (10th Cir. 2002). To the extent that Plaintiffs would have a meritorious claim but for the misconduct of their attorney, a proper remedy may be afforded through a legal malpractice claim rather than continued litigation against Defendants. See id.

Plaintiffs and their counsel have been repeatedly warned of the likelihood that their claims would be dismissed with prejudice as a result of the type of misconduct alleged here. In addition to the warning provided in the *Memorandum Opinion and Order* [No. 05-628, No. 30] filed on December 28, 2005, the Court's ruling on Defendant City of Albuquerque's motion to compel in No. 04-687 BB/RHS expressly forewarned Plaintiffs that further non-compliance could result in more severe sanctions including dismissal, and Defendant City of Albuquerque expressly sought the sanction of dismissal based on Plaintiffs' alleged perjury in that action.

Finally, I conclude that a sanction lesser than dismissal with prejudice would not be effective under the particular circumstances of this case, where the practice of obtaining dismissals without prejudice in order to circumvent other rules of procedure is at the very center of the problem the Court is trying to resolve. Cf. Phillips USA, Inc., 77 F.3d at 358 (listing factors to be considered in denying a plaintiff's motion to dismiss claims without prejudice under Fed. R. Civ. P. 41(a)(2)). My conclusion in this regard also is based on my review of court records in other actions in which Plaintiffs or their counsel have been subjected to lesser sanctions. Given that the practice continues even after these lesser sanctions have been imposed, I conclude that dismissal with prejudice is the only effective sanction in this case.

III.    **CONCLUSION**

For the foregoing reasons, the Court concludes that this action must be dismissed with prejudice as to all remaining claims and parties based on Plaintiffs failure to show cause in response to the *Memorandum Opinion and Order* [No. 05-628 MCA/RHS, Doc. 30] filed on December 28, 2005.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** as to all remaining claims and parties.

**SO ORDERED**, this 20th day of January, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

-24-