IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JULIA HOLGUIN**, **CARMEN HOLGUIN**,
**MAURICIO OREJEL**, by and through his
parent and next friend, **JUANA TOBANCHE**,
and **AMANDA FRESQUEZ**, by and through
her parent and next friend, **CHRISTINA
LUJAN**,

      Plaintiffs,

  vs.                                        No.   **CIV 05-0628 MCA/RHS**

**DETECTIVE ROBBIN BURGE,** an officer of
the Albuquerque Police Department, individually,
and **CITY OF ALBUQUERQUE**, a municipal entity
organized under the laws of the State of New Mexico
and its subsidiary the Albuquerque Police Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' *Motion to Reconsider* [Doc. 37] filed on February 5, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiffs' motion for the reasons set forth below.

The Court granted summary judgment in Defendants' favor and dismissed this action with prejudice in two *Memorandum Opinions and Orders* [Doc. 30, 35] respectively filed on December 28, 2005, and January 20 2006. A *Final Order* [Doc. 36] dismissing the action

pursuant to Fed. R. Civ. P. 58 was entered on January 23, 2006. On February 5, 2006, Plaintiffs moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). [Doc. 37.]

Computing the time in accordance with Fed. R. Civ. P. 6(a), Plaintiffs' *Motion to Reconsider* was filed within ten days of the entry of judgment. "'[R]egardless of how it is styled or construed ..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.'" Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Vreeken v. Davis, 718 F.2d 343, 345 (10th Cir.1983)). Grounds warranting relief under this rule "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995)); see Phelps, 122 F.3d at 1324. A motion under Fed. R. Civ. P. 59(a) does not, however, provide a valid basis "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," or "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete, 204 F.3d at 1012; accord 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1, at 127-28 (1995).

Plaintiffs' *Motion to Reconsider* raises arguments or evidence that were available before the entry of judgment and could have been raised in prior briefing. In particular, all of the exhibits attached to Plaintiffs' *Motion to Reconsider* consist of affidavits concerning

Case 1:05-cv-00628-MCA-RHS   Document 41   Filed 05/19/06   Page 3 of 6

the same arguments and supporting factual allegations raised in prior briefing in this action and in the prior action before Judge Black.

In seeking to excuse their delay in submitting these materials, Plaintiffs contend that they were unfairly surprised by the Court's show-cause order and did not have enough time to respond to the issues raised therein because of the Christmas and New Year holidays. These contentions lack merit and misrepresent the record.

When ordering Plaintiffs to show cause why this action should not be dismissed with prejudice as to Defendant Burge based on the allegations of perjury, unreasonable delay, and circumvention of case-management deadlines in the prior action, the Court was not raising these issues anew. On the contrary, the Court was providing Plaintiffs with an additional opportunity to respond to several contentions that Defendants already had raised in the present action as well as the prior action before Judge Black.

In particular, the record reflects that the issue of whether Plaintiffs committed perjury in their deposition testimony, as well as the issue of timely service of process on Defendant Burge, were raised in the prior action before Judge Black in May 2005. [No. 04-687 BB/RHS, Doc. 21, 24, 27.] Plaintiffs failed to offer any relevant evidence regarding these issues at that time, instead volunteering to dismiss Defendants from the prior action and refiling the same or similar claims in the present action. [No. 04-687 BB/RHS, Doc. 30, 31; No. 05-628, Doc. 1, 2, 3.] In their motions to dismiss the present action, Defendants cited extensively from the record in the prior action, specifically noting the delay in serving Defendant Burge and responding to the perjury issue, as well as Plaintiffs' failure to offer

-3-

any relevant evidence as to the reasons for such delay. [No. 05-628 MCA/RHS, Doc. 5, 6, 9, 21, 23.] Again, Plaintiffs failed to offer relevant evidence when filing their briefs in response to these contentions . [No. 05-628 MCA/RHS, Doc. 12, 19.] Nevertheless, the Court did not rule on these issues at the completion of briefing but instead issued a show-cause order providing Plaintiff with one more opportunity to respond.

With respect to the need for additional time to respond to the Court's show-cause order, Plaintiffs' *Motion to Reconsider* alleges that they were given "[l]ess than ten days over the Christmas holiday" to file their response. [No. 05-628 MCA/RHS, Doc. 37, at 2.] This allegation is inconsistent with their earlier statement that they had eleven (11) days (until Monday, January 9, 2006, at 7:59 a.m.) to electronically file their response pursuant to D.N.M. LR-Civ. 5.5(a). [No. 05-628 MCA/RHS, Doc. 32, at 2.] The Local Rules also require a written motion stating the grounds for seeking an extension of time to respond or for leave to file a response out of time; simply mentioning such a request in a response brief is not sufficient. See D.N.M. LR-Civ. 7.1. In this case, Plaintiffs never filed a motion for an extension of time or for leave to file a response out of time.

It was not until February 5, 2006, on the eve of the deadline for moving to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), that Plaintiffs filed the affidavits which they claim they were unable to file during the Christmas and New Year holiday. Only one of these affidavits (by Plaintiff Julia Holguin) states that the affiant was previously unavailable because she was "on vacation at Christmastime and until sometime after the New Year." [Ex. 1 to Doc. 37.] The other two affidavits (by Plaintiffs' counsel and his contract

paralegal) contain no explanation of why they could not have been filed at an earlier date. Further, there are no affidavits at all from Plaintiffs Mauricio Ovejel and Amanda Fresquez, whose deposition testimony also was implicated in Defendant City of Albuquerque's motion to dismiss the prior action [No. 04-687 BB/RHS, Ex. B, C, D to Doc. 24] as well as this Court' prior rulings [No. 05-628 MCA/RHS, Doc. 30, 35].

For these reasons, the exhibits submitted for the first time with Plaintiffs' *Motion to Reconsider* [Ex. 1, 2, 3 to Doc. 37] do not qualify as "new evidence previously unavailable" for purposes of Fed. R. Civ. P. 59(e), nor do they identify any clear error or manifest injustice in the Court's prior rulings. Under similar circumstances, the Tenth Circuit has recognized that:

> "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.' [Citation omitted.] ... Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory."

Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir.1967)). Plaintiffs' *Motion to Reconsider* is yet another example of an attempt to manipulate procedural rules in order to avoid the adverse consequences of their failure to comply with the case-management deadlines the Court has imposed over the course of this litigation. Such an attempt does not warrant relief under Fed. R. Civ. P. 59(e).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Reconsider* [Doc. 37] is **DENIED**.

**SO ORDERED**, this 19th day of May, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge